# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

PAM CORDES,                         )
                                    )
    Plaintiff,                   )
                                    )
v.                                  )  Case No. CIV-16-255-R
                                    )
OTIS ELEVATOR COMPANY,              )
                                    )
    Defendant.                   )

## ORDER

Before the Court is Defendant's Motion for Summary Judgment. Doc. 25. Plaintiff has not responded. For the reasons that follow, Defendant's Motion is GRANTED.

## I. Background

Plaintiff Pam Cordes, who was injured on February 14, 2014, when she tripped and fell while exiting an elevator, has brought suit against Defendant Otis Elevator Company under theories of negligence and product liability. Ms. Cordes was stepping out of an elevator at Mercy Hospital in Oklahoma City when she failed to notice that the elevator had stopped approximately six inches short—resulting in an elevator floor that was six inches lower than the floor of the building. Plaintiff then tripped and fell, sustaining serious injuries. She alleges that the elevator malfunction was caused either by a defect or by Otis's failure to properly maintain and service the elevator under its contract with Mercy Hospital.

## II. Standard of Review

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it affects the disposition of a substantive claim. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 247, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party seeking summary judgment bears the initial burden of demonstrating the basis for its motion and of identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (internal quotations omitted). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Id*. When considering a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). When a party fails to respond to a motion for summary judgment, summary judgment is not automatically proper. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002). "If the evidence produced in support of the summary judgment motion does not meet this burden [of producing supporting evidence], 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'"*Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002) (emphasis in original) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970)). In other words, "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party. The district court

must make the additional determination that judgment for the moving party is 'appropriate' under Rule 56. Summary judgment is appropriate only if the moving party demonstrates that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law." *Reed*, 312 F.3d at 1195.

### III. Analysis

**A. The Product Liability Claim**

Ms. Cordes first seeks to hold Otis liable on a theory of product liability, arguing that Otis designed, manufactured, sold, or distributed the defective elevator. Under Oklahoma law, a plaintiff must prove three elements to recover on a theory of product liability: (1) the product was the cause of the injury; (2) a defect existed in the product at the time it left the defendant manufacturer's or defendant retailer's possession and control; and (3) the defect made the product unreasonably dangerous to the plaintiff. *Kirkland v. General Motors Corp.*, 521 P.2d 1353, 1363 (Okla. 1974). The problem with Ms. Cordes's claim is that Otis did not manufacture or install the elevator; a different company—Montgomery Elevator Company—did. Doc. 25, Ex. 2, at 2. Her product liability claim thus fails as a matter of law.

**B. The Negligence Claim**

Ms. Cordes's second theory of liability is that Otis was negligent in failing to properly maintain the elevator. Starting in 2006, Mercy Hospital contracted with Otis to maintain and service the elevator. Doc. 25, Ex. 2, at 3. Under Oklahoma law, Otis therefore had a duty to exercise ordinary care and inspect, repair, and maintain the elevator in safe operating condition. *Seay v. Gen. Elevator Co.*, 522 P.2d 1022, 1028 (Okla. 1974).

3

Plaintiff's negligence claim fails because, simply put, she has provided no evidence that Otis was in any way negligent in its maintaining the elevator or that Otis was the cause of the accident. For one, the elevator was old. It was manufactured in 1973; and its relay system was outdated as early as 1981. Given the elevator's age, Otis recommended several times to Mercy that it upgrade or modernize the elevator and even offered a written proposal in January 2013 to do just that. In fact, Otis was adamant that modernizing the elevator in the next year should be a top priority for Mercy. Doc. 25, Ex. 2. Otis's records indicated, however, that the elevator had very good reliability based on the age, environment, and duty cycle. Doc. 25, Ex. 2, at 2.

Otis nevertheless continued to regularly perform routine maintenance on the elevator—maintenance that Otis offers evidence that met the company's requirements under the contract with Mercy and the custom and practice of the industry. Doc. 25, Ex. 2, at 3. In fact, Otis serviced the elevator on February 3, 2014, and February 6, 2014, less than two weeks before Ms. Cordes's accident.

And though the elevator did have some history of "leveling" issues, none of these issues were related to the failure of the specific relay—the Potter-Brumsfield style relay—that allegedly failed and caused the leveling issue on the day of the accident. Otis's expert has testified that elevators, especially older ones, can have failures with proper maintenance. Doc. 25, Ex. 2, at 3. As for the argument that Otis should have replaced the faulty relay before it failed, Otis offered evidence that it is not standard practice to replace a relay unless it fails. Doc. 25, Ex. 1, at 124. Ms. Cordes has offered no evidence to rebut this point or any other of Otis's evidence. Though Plaintiff has failed to respond, the Court

4

still finds that summary judgment is appropriate given that Otis has demonstrated that no genuine issue of material fact exists as to whether Otis is liable under a theory of product liability or negligence. Summary judgment in favor of Defendant is therefore proper.

    IT IS SO ORDERED this 28th day of February 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE